**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV 07-1962-PHX-JAT |
| Michael Keith Schugg, dba Schuburg Holsteins, and Debra Schugg, | **ORDER** |
| Debtors. | BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN |
| ——————————————— | (Jointly Administered and Substantively Consolidated) |
| Wells Fargo Bank, N.A., | |
| Appellant, | |
| vs. | |
| Alan A. Meda, Trustee, | |
| Appellee. | |
| ——————————————— | |

Wells Fargo Bank, N.A. ("Wells Fargo") appeals the bankruptcy court's order awarding attorneys' fees against Wells Fargo to the bankruptcy estate. The dispositive issue on this appeal is whether a solvent debtor, who acts without the authorization of either the trustee or the bankruptcy court, has standing to assert the estate's claim for attorneys' fees against one of its creditors. Because the Bankruptcy Code vests the trustee "with the exclusive right to sue on behalf of the estate," *Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006), the Court holds that even a solvent debtor lacks standing to seek such affirmative relief on behalf of the estate without proper authorization.

## I.      Background

Wells Fargo was the senior, secured creditor in the consolidated Chapter 11 bankruptcy cases of Michael and Debra Schugg.  For reasons the Court need not elaborate, the trustee concluded that it was in the solvent estate's best interests to pay off Wells Fargo's secured claim before the plan of organization was confirmed.  On the trustee's motion, the bankruptcy court approved this course of action; found that Wells Fargo had an allowed, fully secured claim as to its principal and interest; and ordered the trustee to immediately pay this claim.  The court further noted that Wells Fargo, as an oversecured creditor, was asserting a fully secured claim for attorneys' fees and costs pursuant to § 506(b) of the Bankruptcy Code and ordered Wells Fargo to file a separate application for this portion of its claim.  Wells Fargo filed this application about two months later.

Both the trustee and debtor Michael Schugg ("Schugg") filed objections to the application.  The trustee argued that a portion of the fees being sought by Wells Fargo did not meet the reasonableness requirement of § 506(b). See 11 U.S.C. § 506(b) (allowing secured status only for "reasonable fees, costs, or charges").  Schugg echoed this argument for a larger portion of the requested fees and also contended that, pursuant to § 12-341.01 of the Arizona Revised Statutes ("A.R.S."), the estate was entitled to recover attorneys' fees from Wells Fargo.  The basis for the fee request was Schugg's claim that the estate had prevailed against Wells Fargo in what the parties have referred to as the "Herd Sale Litigation," and that this litigation was a "contested action arising out of contract."  The trustee did not join Schugg's argument or authorize him to individually seek fees on behalf of the estate.

At a hearing held on October 2, 2006, the bankruptcy court rejected Schugg's state-law fee claim.  The court questioned whether Schugg had standing to seek fees on behalf of the estate but declined to rule on this issue.  [Tab 144 at 5.]  Instead, the court held that Schugg's request was procedurally improper because "state law doesn't provide the . . . rule of decision," *id.* at 5, and § 506(b) does not provide for the reciprocal recovery of attorneys' fees by the estate, *id.* at 12-14.  The court then scheduled an evidentiary hearing concerning

1  the remaining issue of the reasonableness of the fees and costs requested by Wells Fargo.

2       The bankruptcy court conducted the evidentiary hearing on January 5 and February
3  13, 2007, about a month after the plan of reorganization was confirmed.  On April 10, 2007,
4  the court entered its findings of fact and conclusions of law, sustaining the trustee's
5  objections and overruling Schugg's objections.  On May 14, 2007, the court entered an order
6  approving Wells Fargo's application for fees and costs in part, consistent with its earlier
7  findings, and directing the trustee to immediately pay Wells Fargo the allowed amount.

8       On May 24, 2007, the plan trustee and Schugg filed a stipulation requesting the
9  bankruptcy court to grant Schugg leave to "proceed on behalf of the reorganized estate in
10  contesting the Wells Fargo claim, including the recovery of any related attorneys' fees that
11  may be due to the reorganized estate."  [Tab 146 at 1.]  The court granted this stipulation
12  over Wells Fargo's objection on the same day.

13       The next day, May 25, 2007, Schugg filed a motion pursuant to Federal Rule of Civil
14  Procedure 59, seeking, in part, reconsideration of the bankruptcy court's ruling that the estate
15  could not assert a state-law right to recover attorneys' fees against Wells Fargo.  Schugg
16  argued that an intervening Supreme Court case, *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas*
17  *& Elec. Co.*, 127 S. Ct. 1199 (2006), demonstrated that this ruling was erroneous.   In
18  response, Wells Fargo argued, among other things, that Schugg lacked standing to pursue a
19  right never asserted by the trustee.  Without addressing the standing issue, the bankruptcy
20  court granted Schugg's motion, concluded that the estate was entitled to recover attorneys'
21  fees from Wells Fargo pursuant to A.R.S. § 12-341.01, and ordered Schugg to file an
22  application for fees.  After considering Schugg's application and Wells Fargo's objections
23  thereto, the court ordered Wells Fargo to pay attorneys' fees to the reorganized debtors in the
24  amount of $55,881.50.

25       Wells Fargo timely appealed.

26  **II.    Jurisdiction and Standard of Review**

27       This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).  The bankruptcy court's
28  conclusions of law are reviewed de novo.  *In re Larry's Apartment, L.L.C.*, 249 F.3d 832,

1   836 (9th Cir. 2001). "A bankruptcy court's award of attorneys' fees is subject to reversal if

2   it is based upon an erroneous application of the law." *In re 1441 Veteran St. Co.*, 144 F.3d

3   1288, 1290 (9th Cir. 1998).

4   **III.   Discussion**

5          Wells Fargo argues that Schugg, who initially acted without the authorization of the

6   trustee or the bankruptcy court, lacked standing to pursue the estate's *claim* for attorneys'

7   fees against Wells Fargo, and that the bankruptcy court therefore erred by addressing the

8   merits of this claim.  In response, Schugg correctly points out that a solvent debtor, like

9   himself, is a "party in interest" with standing to *object* to claims made against the bankruptcy

10  estate.  *See, e.g.*, *McGuirl v. White*, 86 F.3d 1232, 1234 (D.C. Cir. 1996) (citing cases).

11  Thus, as an initial matter, the Court must determine whether Schugg's attempt to recover fees

12  from Wells Fargo was a *claim* or an *objection* under the Bankruptcy Code.

13         *Claim*, under the Code, is expressly defined as a "right to payment." 11 U.S.C. §

14  101(5).  *Objection* (or *object*), on the other hand, is not expressly defined.  Consequently, its

15  meaning must be derived from its use in the Code.  The Code section relevant to the issues

16  in this case is § 502(a), which reads: "A claim or interest, proof of which is filed under

17  section 501 of this title, is deemed allowed, unless a party in interest . . . *objects*." 11 U.S.C.

18  § 502(a) (emphasis added).  Plainly read, *objects* in this context must mean "offers a reason

19  for disallowing a claim."  An *objection*, then, would be "the reason or reasons for disallowing

20  a claim."  Thus, unless the estate's alleged right to recover attorneys' fees against Wells

21  Fargo is a reason for disallowing Wells Fargo's § 506(b) claim, then Schugg's "objection"

22  was really a *claim*.

23         Section 506(b) reads:

24         To the extent that an allowed secured claim is secured by property the value
           of which . . . is greater than the amount of such claim, there shall be allowed
25         to the holder of such claim, interest on such claim, and any reasonable fees,
           costs, or charges provided for under the agreement or State statute under which
26         such claim arose.

27  11 U.S.C. § 506(b).  Accordingly, there are only four reasons for disallowing a creditor's

28  claim for attorneys' fees under this section: (1) the creditor's principal claim is not an

allowed secured claim; (2) the creditor is not oversecured; (3) the fees are unreasonable; or (4) the fees are not provided for under the agreement or State statute under which the principal claim arose. *In re Kamai*, 316 B.R. 544, 548 (B.A.P. 9th Cir. 2004). None of these reasons has anything to do with any right the estate may have to recover attorneys' fees against the creditor who is asserting the § 506(b) claim. Thus, Schugg's attempt to offset the estate's fees against Wells Fargo's § 506(b) claim was not an *objection* to that claim—it was the assertion of a *claim* belonging to the estate.[1]

Having determined that Schugg's "objection" was really a claim, it is clear that the line of cases holding that a solvent debtor has standing to object to claims against the estate is inapplicable to the situation the Court faces in this case. The question here is whether a solvent debtor, who acts without the authorization of either the trustee or the bankruptcy court, has standing to assert a *claim* on behalf of the estate. In light of the Ninth Circuit's recent decision in *Estate of Spirtos*, 443 F.3d 1172 (9th Cir. 2006), the answer is a resounding no.

In *Spirtos*, a creditor of a bankruptcy estate filed suit on behalf of the estate in federal district court, alleging various claims against "nearly everyone" involved in the bankruptcy proceedings. *Id.* at 1174. In affirming the district court's dismissal for lack of standing, the Ninth Circuit held "that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Id.* at 1176. The court stated that, although "the trustee may authorize others to bring suit, . . . the right to bring suit—or choose not to do so—belongs to the trustee in the first instance." *Id.* at 1175.

Schugg attempts to distinguish *Spirtos* from this case in two ways. First, Schugg argues that the reach of *Spirtos* is limited to the facts of that case, i.e., to situations where a creditor attempts to file suit on behalf of the estate outside the bankruptcy court. This

---

[1] Indeed, Schugg's counsel seemed to concede as much during oral argument before the bankruptcy court when he explained that his client was "going one step beyond" objecting to Wells Fargo's fees as unreasonable and was additionally trying to "affirmatively" recover fees from Wells Fargo. [Tab 144 at 13.]

1   argument, however, ignores that the Ninth Circuit based its holding in *Spirtos* on the

2   authority vested in the trustee as "the representative of the estate," an authority that is not

3   dependent on where litigation occurs. *Id.* at 1175 (citing 11 U.S.C. § 323). As the

4   representative of the estate, the trustee has control of the estate's property, including legal

5   claims, during the administration of the estate. *In re Pilz Compact Disc, Inc.*, 229 B.R. 630,

6   638 (Bankr. E.D. Pa. 1999) (noting the trustee's "right to control" property of the estate); *In*

7   *re Manchester Heights Assocs., L.P.*, 165 B.R. 42, 44 (Bankr. W.D. Mo. 1994) (same).

8   Contrary to Schugg's argument, nothing in *Spirtos* or the Bankruptcy Code suggests that the

9   effect of the trustee's authority over the estate's claims varies depending on *who* attempts to

10  assert the claims—whether creditor or debtor—or *where* such claims are asserted. If, as

11  *Spirtos* held, the effect of the trustee's authority excludes creditors from pursuing estate

12  claims in nonbankruptcy court, then it also excludes debtors from pursuing estate claims in

13  bankruptcy court.

14          Second, Schugg argues that the trustee's "exclusive right to sue" is limited to "causes

15  of action" and is inapplicable to "claims" for attorneys' fees at the conclusion of actions.[2]

16  But Schugg does not offer any authority for the notion that a substantive right to seek

17  attorneys' fees can be segregated from the underlying cause of action that gives rise to it.

18  Moreover, even if the right could be segregated, that right, like the cause of action, would

19  still be property of the estate subject to the trustee's control. Schugg does not articulate any

20  reason why the trustee's control over a "cause of action" would (or should) be different than

21  the trustee's control over a "claim." The Court therefore rejects this argument.

22          In the Court's view, the principles embraced in *Spirtos* demonstrate that the trustee's

23  control over property of the estate includes the exclusive right to pursue a claim for

24  _____

25      [2] The "actions" that gave rise to the estate's alleged right to recover attorneys' fees
    from Wells Fargo were cash-collateral and adequate-protection disputes arising out of the
26  trustee's attempt to liquidate certain of the debtors' assets. Without deciding the issue, the
    Court simply assumes that these disputes were "actions" because if it were otherwise, the
27  substantive basis for the estate's recovery of fees would be eradicated. *See* A.R.S. § 12-
    341.01 (applying only to "*action[s]* arising out of contract" (emphasis added)).
28

attorneys' fees on behalf of the estate at the conclusion of litigation. Accordingly, Schugg, who acted without the trustee's authorization, lacked standing to seek attorneys' fees against Wells Fargo on behalf of the estate. Whether to pursue this claim against Wells Fargo was a decision that belonged "to the trustee in the first instance." *Spirtos*, 443 F.3d at 1175.

To the extent Schugg contends that the postjudgment authorization he received from the trustee and the bankruptcy court somehow retroactively cured the flaw in the prior proceedings, the Court rejects this argument. Schugg has not cited any authority for this proposition, and the Court has found none. To the contrary, the law is clear that a motion for reconsideration cannot be used to raise an issue that was never properly before the bankruptcy court in the underlying proceedings. *See White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (noting that Rule 59(e) only provides for "reconsideration of matters properly encompassed in a decision on the merits"); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."). Of course, by so holding, the Court does not address whether Schugg, pursuant to his postjudgment authority, could have *initiated* proceedings on the estate's claim for attorneys' fees by filing a motion under Bankruptcy Rule 9014.[3]

Alternatively, even assuming Schugg had standing to pursue the estate's claim for attorneys' fees against Wells Fargo, he did not assert this claim on a proper procedural basis. Schugg sought to affirmatively recover attorneys' fees from Wells Fargo in an "objection" to Wells Fargo's claim under § 506(b) of the Bankruptcy Code. Thus, the only two possible procedural bases for the estate's claim are §§ 502(a) and 506(b). And neither is applicable.

As indicated above, § 502(a) is the procedural hook that allows a "party in interest"

---

[3] But there would seem to have been one big hurdle to this approach. In addition to showing that the claim was properly reserved in the confirmed reorganization plan, which the bankruptcy court found below, Schugg would have had to show that the motion for attorneys' fees was timely. By the time Schugg was authorized to pursue the estate's claim for attorneys' fees, on May 24, 2007, more than a year had passed since the Herd Sale Litigation had ended in early April 2006.

to object to claims made in a bankruptcy case.  While there is no dispute that Schugg was a "party in interest" with the right to object to Wells Fargo's claim, Schugg's attempt to affirmatively recover fees from Wells Fargo on behalf of the estate went beyond a mere objection, as the Court has already demonstrated.  Thus, § 502(a) does not provide a proper procedural basis for the estate's claim.

Section 506(b)'s inapplicability to the estate's claim is likewise clear.  As the Ninth Circuit has held, "Section 506(b) concerns only the award of fees to oversecured creditors . . . and is not applicable to [debtors]."  *In re Johnson*, 756 F.2d 738, 741 n.3 (9th Cir. 1985). Schugg attempts to avoid *Johnson* by arguing that this holding has been overturned by the Supreme Court's opinion in *Travelers* and the more recent opinion of the Ninth Circuit's Bankruptcy Appellate Panel in *In re Hoopai*, 369 B.R. 506 (B.A.P. 9th Cir. 2007).  But Schugg is mistaken.  *Travelers* did no more (for present purposes) than reaffirm the long-recognized rule that "state law governs the *substance* of claims."  127 S. Ct. at 1205 (emphasis added).  It did not suggest that substantive claims would be henceforth unshackled from procedural limitations.  And to the extent *Hoopai* suggests otherwise, this Court declines to follow it.  *See Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990) (holding that "[a]s article III courts, the district courts must always be free to decline to follow BAP decisions").  Thus, § 506(b) is also unavailable to Schugg as a procedural basis for the estate's claim.

Therefore, even assuming Schugg had standing to pursue the estate's claim for attorneys' fees against Wells Fargo, Schugg did not assert the claim through a proper procedural channel.

**IV.    Conclusion**

Schugg, who acted without the authorization of the trustee or the bankruptcy court, did not have standing to pursue a claim for attorneys' fees against Wells Fargo on behalf of the estate.  Alternatively, even assuming Schugg had standing to assert this claim, he did not assert it through a proper procedural channel.

Accordingly,

1    **IT IS ORDERED** reversing the bankruptcy court's fee award against Wells Fargo

2    and remanding for entry of judgment consistent with this Order.[4]

3    DATED this 2nd day of September, 2008.

4

5    _____
     James A. Teilborg
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    [4] Wells Fargo's request for attorneys' fees on appeal is denied without prejudice to
      seeking those fees by filing an appropriate motion.