**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | No. CV 07-1962-PHX-JAT |
| Michael Keith Schugg, dba Schuburg Holsteins, and Debra Schugg, | ) ) ) | **ORDER** |
| Debtors. | ) ) ) | BK No. 2-04-13226-PHX-GBN BK No. 2-04-19091-PHX-GBN |
| | ) ) | (Jointly Administered and Substantively Consolidated) |
| Wells Fargo Bank, N.A., | ) | |
| Appellant, | ) ) | |
| vs. | ) ) | |
| Alan A. Meda, Trustee, | ) ) | |
| Appellee. | ) ) | |

Filed in this record are Wells Fargo's Motion for Attorney's fees (captioned "Wells Fargo's Second Application for Reimbursement of Fees, Costs and Expenses pursuant to Section 506(b) of the Bankruptcy Code") (Doc. #16-2), Well's Fargo's Bill of Costs ("in connection with the second appeal") (Doc. #17-2) and Schugg's objection (Doc. #19). Also reviewed by this Court, but not found in the district court record, is a Minute Entry from the Bankruptcy Court in the underlying bankruptcy case stating, "A status hearing will be conducted on January 6, 2009 ... . If the District Court would like this Court to handle the application, the status hearing can be vacated with another hearing [on the merits of the application] to be scheduled. ... A copy shall be sent to the District Court, Judge Teilborg, as notification that guidance will be sought." Minute Entry of 11/6/2008 in 2:04-bk-13326-GBN.

This Order is in response to the Bankruptcy Court's request for guidance on which court should address the application (Doc. #16-2).  In its Application, Wells Fargo states, "Wells Fargo assumes the bankruptcy court will rule on the Second Application in due course."  Doc. #16 at 2.  In his objection, Schugg argues, "the District Court, and not the Bankruptcy Court, currently has jurisdiction of the matter of attorney's fees and costs to be awarded on appeal."  Doc. #19 at 2.  Schugg cites Arizona District Court Local Rule Bankruptcy 8018-1, which states that when the Local Rules and the Bankruptcy Rules of Procedure are silent, this Court may apply the Rules of the  Ninth Circuit Court of Appeals and the Federal Rules of Appellate Procedure for the Ninth Circuit.[1]  (This is consistent with Ninth Circuit Bankruptcy Appellate Panel Rule 8018(b)-1.)  Doc. #19-3 at 4.  Schugg then cites Ninth Circuit Federal Rule of Appellate Procedure 39-1.8 which states:

> Any party who is or may be eligible for attorneys' fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6 file a motion to transfer consideration of attorneys' fees on appeal to the district court or administrative agency from which the appeal was taken.

Schugg then concludes that the result of these rules is that any request for attorney's fees in relation to this appeal stays with the District Court, as the appellate court, unless a party timely moved to transfer the issue back to the Bankruptcy Court.  Further, Schugg states that neither party so moved, therefore, the attorney's fees request stays with, and is pending before, the District Court. Conversely, Wells Fargo argues that this is a "core" proceeding over which the Bankruptcy Court has jurisdiction.  Doc. #16-2 at 10.  This Court agrees with Schugg that all of these rules of procedure, taken together, result in this Court being the proper court to address the attorney's fees application and this Court will do so in due course.[2]

---

[1]  Specifically, this Court is referencing the Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Bankruptcy Appeal Procedure, and not the Local Rules of Bankruptcy Procedure for the District of Arizona.

[2]  Generally, this Court agrees with Wells Fargo that fee petitions are "core" matters. However, the fees sought in this case relate exclusively to the appeal(s) taken to this Court, therefore, the Court does not find the fact that fees are "core" to be dispositive of this

1    Next, this Court must evaluate the correct court to consider the taxation of costs.  In

2    its bill of costs, Wells Fargo states, "the rules of procedure applicable to this appeal conflict

3    as to which court clerk should properly receive and authorize payment of Wells Fargo's bill

4    of costs." Doc. #17 at 2.  This Court does not know whether the Bankruptcy Court Clerk has

5    addressed the bill of costs.

6    Arizona District Court Local Rule Bankruptcy 8014-1 states, "Costs under FRBP

7    8014 are taxed by filing a bill of costs with the bankruptcy court clerk."  Thus, it is this

8    Court's opinion that the clerk of the bankruptcy court should address the bill of costs.

9    Based on the foregoing,

10   **IT IS ORDERED** that the Clerk of the Court shall retitle the "Bill of Costs" currently

11   pending at Doc. #16 as a motion for attorney's fees; the Clerk of the Court shall retitle the

12   "Bill of Costs" pending at Doc. #19 as a response to the motion for attorney's fees.

13   **IT IS FURTHER ORDERED** that Wells Fargo is ordered to file a reply to the

14   response by December 19, 2008.

15   **IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this

16   Order to the Hon. George B. Nielsen, 230 N. 1st Ave, Suite 101, Phoenix, Arizona 85003.

17   **IT IS FURTHER ORDERED** that the Clerk of the Court shall retitle the "Bill of

18   Costs" currently pending at Doc. #17 as a notice of filing a copy of the bill of costs pending

19   with the Bankruptcy Clerk of Court, and the District Court Clerk of the Court shall not

20   undertake to assess costs associated with this appeal.

21   DATED this 18th day of November, 2008.

22

23

24                                                   James A. Teilborg
                                                     United States District Judge
25

26

27   _____

28   procedural issue.