IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV 07-1962-PHX-JAT |
| Michael Keith Schugg, dba Schuburg Holsteins, and Debra Schugg, | **ORDER** |
| Debtors. | BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN |
| | (Jointly Administered and Substantively Consolidated) |
| Wells Fargo Bank, N.A., | |
| Appellant, | |
| vs. | |
| Alan A. Meda, Trustee, | |
| Appellee. | |

Wells Fargo Bank, N.A. ("Wells Fargo") has filed a Second Application for Fees, Costs and Expenses Incurred on Appeal (Doc. #16-2). Debtor Michael Schugg has filed an Objection to Wells Fargo's Second Application for Reimbursement of Fees and Costs (Doc. #19-3). On November 19, 2008, the Court determined that this Court was the proper court to decide the Fee Application, rather than the Bankruptcy Court. (Doc. #21). Mr. Schugg also has filed a Motion to Extend Time to File Notice of Appeal (Doc. #18), which Wells Fargo has not opposed.

**I.    Background**

Michael and Debra Schugg filed their voluntary Chapter 11 bankruptcy petitions on July 29, 2004 and November 1, 2004, respectively. (Doc. #16-2 ¶1). The Schuggs owed

Appellant Wells Fargo Bank approximately $4.2 million under certain promissory notes and other related documents. (Doc. #16-2 ¶2). Wells Fargo also had a standby letter of credit outstanding with a commitment of $3.4 million. (Doc. #16-2 ¶2). The letter of credit was drawn upon during the pendency of the Schuggs' bankruptcy cases. (Doc. #16-2 ¶2). Wells Fargo's indebtedness in the Chapter 11 cases was secured by liens in substantially all of the Schuggs' assets. (Doc. #16-2 ¶2). The Bankruptcy Trustee agreed in May of 2006 to pay in full the indebtedness owed by the Schuggs to Wells Fargo. (Doc. #16-2 ¶3).

On May 24, 2007, Michael Schugg filed a stipulation purporting to reflect an agreement between Mr. Schugg and the Plan Trustee allowing Mr. Schugg to pursue litigation against Wells Fargo on behalf of the estate, specifically with respect to contesting the Wells Fargo claim and recovering any related attorneys' fees that might be owed to the estate. (Doc. #16-2 ¶14). Initially, the Bankruptcy Court denied the bankruptcy estate a right to recover fees from Wells Fargo. (Doc. #16-2 ¶15). On May 25, 2007, Schugg filed a Motion to Reconsider that ruling. (Doc. #16-2 ¶15). Wells Fargo defended against the Motion to Reconsider. (Doc. #16-2 ¶16). The Bankruptcy Court held a hearing on the Motion to Reconsider on June 29, 2007. At the hearing, the Bankruptcy Court granted the Motion to Reconsider and found that the estate was entitled to recover fees from Wells Fargo. (Doc. #16-2 ¶16).

Wells Fargo appealed the Bankruptcy Court's ruling on the Motion to Reconsider to this Court on July 13, 2007 (the "First Appeal"). (Doc. #16-2 ¶17). On August 8, 2007, Mr. Schugg filed a Motion to Dismiss the First Appeal as an improper appeal from an interlocutory order. (Doc. #16-2 ¶20).

During the pendency of the First Appeal, the parties briefed and argued the Trustee's application for $152,091.50 in fees purportedly owed under the Reconsideration Order. (Doc. #16-2 ¶18). The Bankruptcy Court entered an order on October 3, 2007 (the "Reimbursement Order") granting the Trustee's application in a reduced amount of $55,881.50. (Doc. #16-2 ¶18). Wells Fargo filed an appeal from the Reimbursement Order on October 10, 2007 (the "Second Appeal"). (Doc. #16-2 ¶19).

1 | While waiting for the Court to rule on Schugg's Motion to Dismiss the First Appeal, the parties worked on a proposed order either: 1) consolidating the First and Second Appeals or 2) vacating the Second Appeal and withdrawing the Motion to Dismiss. (Doc. #16-2 ¶22). This Court did not accept either of the parties' suggestions and granted Schugg's Motion to Dismiss on December 11, 2007. (Doc. #16-2 ¶23).

On December 21, 2007, Schugg filed a motion for attorneys' fees with the Court for fees incurred on the First Appeal (the "Schugg Fee Motion"). (Doc. #16-2 ¶24). Wells Fargo opposed the motion. The Court denied the Schugg Fee Motion in its entirety on June 26, 2008. (Doc. #16-2 ¶25).

The Court held oral argument on the Second Appeal on August 25, 2008. (Doc. #16-2 ¶27). On September 3, 2008, the Court entered an Order reversing the Reconsideration Order. (Doc. #16-2 ¶28). Wells Fargo filed its Notice of Filing Application For Fees, Costs, and Expenses Incurred on Appeal (the "Second Fee Application") on September 17, 2008. (Doc. #16).

**II.     Analysis and Conclusion**

Mr. Schugg raises an initial procedural objection to certain fees requested by Wells Fargo in the Second Fee Application. Mr. Schugg argues that the Second Fee Application is untimely with regard to fees and costs incurred in the First Appeal, and the related Schugg Fee Motion, because Wells Fargo did not file the Application within two weeks of this Court's final orders on those issues. Mr. Schugg asserts that because no applicable Local Rule of Bankruptcy Appeal Procedure exists, the Court should apply the time limitation in Circuit Rule 39-1.6(a). *See* L.R. Bankr. 8018-1; F.R.B.P. 9014 (C); F.R.B.P. 8014; Local R. Bank. Proc. 7054-1(a) and 7054; Fed.R.Civ.P. 54(a) and d(2)(B); and Circuit Rule 39-1.6(a).

Local Rule of Bankruptcy Procedure 8018-1 provides that when the Local Rules of Bankruptcy Appeal Procedure and the Federal Rules of Bankruptcy Procedure are silent as to a particular matter of practice relating to a bankruptcy appeal, then the Court may apply the Rules of the United States Court of Appeals for the Ninth Circuit and the Federal Rules

of Appellate Procedure. No Local Rule of Bankruptcy Procedure or Federal Rule of Bankruptcy Procedure regarding the time for filing a motion for attorneys' fees exists. Circuit Rule 39-1.6(a) provides that, absent a statutory provision to the contrary, a request for attorneys' fees must be made no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless at timely petition for rehearing is filed. Unless the United States or its agent is a party, a petition for rehearing must be filed within 14 days after the entry of judgment. So, a request for attorneys' fees pursuant to Circuit Rule 39-1.6(a) must be made within 28 days of judgment.

Wells Fargo does not counter Schugg's argument regarding the timing of a motion for attorneys' fees on appeal in its Reply to Schugg's objection. Wells Fargo does not cite to any cases holding that Circuit Rule 39.-1.6(a)'s timing requirement does not apply to an application for costs and expenses incurred on appeal pursuant to Section 506(b) of the Bankruptcy Code. Further, the Court finds that common sense and judicial economy favor a timely motion for attorneys' fees so the Court can review the request close in time to the underlying substantive legal work performed and to avoid lumping work on several discreet legal matters into a single fee application. *See In re Newman*, 270 B.R. 845, 848(Bankr. S.D. Ohio 2001).

The Court therefore finds that Wells Fargo's request for attorneys' fees and expenses is untimely with regard to fees and expenses incurred on the First Appeal and the related Schugg Fee Appeal. Wells Fargo did not file the pending Second Application until many months after this Court's Order granting the Motion to Dismiss the First Appeal and until two months after the Court denied the Schugg Fee Motion in its entirety. Accordingly, the Court will not award Wells Fargo any fees or expenses incurred in prosecuting the First Appeal or defending the Schugg Fee Motion.[1]

Schugg objects to the remainder of the categories of fees requested as unreasonable.

---

[1] Mr. Schugg does not argue that the request for fees incurred in the Reconsideration Motion, the Trustee Fee Motion, and the Second Appeal were untimely. The Court therefore will treat them as timely.

Under §506(b) of the Bankruptcy Code, an oversecured credit can recover attorneys fees and costs agreed to by contract. *In re Circle K Corp.*, 141 B.R. 688, 692 (Bankr. D. Ariz. 1992). The creditor is entitled to fees if: "(1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement." *In re Kord Enterprises II*, 139 F.3d 684, 687 (9th Cir. 1998). In assessing reasonableness, the Court analyzes whether the creditor incurred expenses that fall within the scope of the agreement, whether the fees and costs were reasonably calculated to protect the creditor's interest, and whether the creditor took action that similar creditors would have taken. *In re Circle K*, 141 B.R. at 692.

Schugg does not dispute that Wells Fargo is an oversecured creditor with an allowed secured claim. Further, the Schuggs' loan security agreement with Wells Fargo provided:

> Section 7.3   COSTS, EXPENSES AND ATTORNEYS' FEES.
>
> Borrower shall pay to Bank immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees . . ., expended or incurred by Bank in connection with . . . (b) the enforcement of Bank's rights and/or the collection of any amounts become due to the Bank under any of the Loan documents, and (c) the prosecution or defense of any action in any way related to any of the Loan Documents, including without limitation, any action for declaratory relief, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise, and including any of the foregoing incurred in connection with any bankruptcy proceeding (including without limitation, any adversary proceeding, contested matter or motion brought by Bank or any other person) relating to any Borrower or any other person or entity.

Doc. #16 Ex. H, p. 12, para 7.3.

Wells Fargo's fee application therefore satisfies requirements one, two, and four for awarding attorneys fees and expenses under §506(b). Mr. Schugg takes issue with the third factor – reasonableness. Mr. Schugg argues that a similarly situated secured creditor would not have taken the actions that Wells Fargo did and that Wells Fargo's actions were not reasonably necessary to protect its interest. Mr. Schugg also makes some specific objections with regard to certain time entries.

The Court disagrees with Mr. Schugg and finds that the fees and expenses incurred

1  by Wells Fargo in the Reconsideration Motion, the Trustee Fee Motion, and the Second
2  Appeal were reasonable. The Court finds that a similarly situated oversecured creditor might
3  have taken the actions taken by Wells Fargo. Further, the Court finds that Wells Fargo's
4  actions were taken to protect its secured interest. Finally, the Court does not agree with any
5  of Mr. Schugg's specific objections. The Court therefore will award Wells Fargo its
6  attorneys' fees and expenses associated with the Reconsideration Motion, the Trustee Fee
7  Application, and the Second Appeal, but will exclude certain taxable costs.

8  Mr. Schugg has filed a Motion to Extend Time to File Notice of Appeal (Doc. #18).
9  The Court will deem Wells Fargo's failure to respond as consent to that Motion. L.R.Civ.P.
10  7.2(i).

11  Accordingly,

12  IT IS ORDERED Granting in part and Denying in part Wells Fargo's Second
13  Application for Reimbursement of Fees, Costs and Expenses Pursuant to Section 506(b) of
14  the Bankruptcy Code (Doc. #16-2). The Court will award Wells Fargo attorneys' fees in the
15  amount of $9,298.50 for the Reconsideration Motion; $4,194.50 for the Trustee Fee
16  Application; and $17,558 for the Second Appeal. The Court will award Wells Fargo costs
17  and expenses in the amount of $1,003.63 for the Reconsideration Motion; $536.00 for the
18  Trustee Fee Application; and $792.43[2] for the Second Appeal.

19  IT IS FURTHER ORDERED Granting Schugg's Motion to Extend Time to File
20  Notice of Appeal (Doc. #18).

21  DATED this 10th day of June, 2009.

_____
James A. Teilborg
United States District Judge

---

[2] This amount excludes $93.60 for transcription fees and a $255 filing/service fees because those expenses should be requested from the Bankruptcy Court as taxable costs.

- 6 -